An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF J. MICHAEL
SCHAEFER, BAR NO. 2089.

No. 66013

**FILED**

DEC 02 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER DENYING REINSTATEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that disbarred attorney J. Michael Schaefer's petition for reinstatement be denied.[1] Having reviewed the record and the submitted briefs, we conclude that the panel correctly found that Schaefer has failed to meet his burden of showing by clear and convincing evidence that he should be reinstated. *See* SCR 116(2) (providing that in order to be reinstated, an attorney bears the burden of demonstrating by clear and convincing evidence that he or she has the competency, learning, and moral qualification to be admitted to practice law, "and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest"); *In re Discipline of Stuhff*, 108 Nev. 629, 633, 837 P.2d 853, 855 (1992) (explaining that this court reviews a panel's findings and recommendations de novo).

---

[1]The rules in effect at the time of Schaefer's disbarment allowed reinstatement of disbarred attorneys. Under the current rules, disbarment is irrevocable. *See* ADKT No. 392 (Order Amending Nevada Supreme Court Rules 98-123, Amending Rules 212-213 and Adopting Rule 102.5, December 29, 2006) (amending SCR 102(1) and SCR 116, effective March 1, 2007, to make disbarment irrevocable); SCR 102(1); SCR 122.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36725

Schaefer's litigation activities since his last petition for reinstatement demonstrate his failure to comply with the professional conduct rules, his violation of which led to his disbarment. Accordingly, we approve the panel's recommendation and deny the petition for reinstatement.[2] Additionally, in accordance with the panel's recommendation, Schaefer will not be eligible to file any future reinstatement petitions until he has paid the costs of this reinstatement proceeding.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

cc: J. Michael Schaefer
State Bar of Nevada/Las Vegas
Chair, Southern Nevada Disciplinary Board
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

---

[2]The Honorables Michael Cherry, Mark Gibbons, and Kristina Pickering, Justices, voluntarily recused themselves from participation in the decision of this matter.